IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY M. CIPRIANO,   Civil Action No.  2:23-cv-1216

      Plaintiff,

v.

UNITEDHEALTH GROUP
INCORPORATED,

      Defendant.   JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Anthony M. Cipriano, by undersigned counsel files this Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. §206(d).

### II. Parties

2. Plaintiff, Anthony M. Cipriano, is an adult individual who resides in Mercer County, Pennsylvania and at all times relevant hereto was employed by Defendant as a nurse and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

3. Defendant, UnitedHealth Group Incorporated, is a corporation with its principal place of business at 9900 Bren Road East, Minnetonka, Minnesota.  At all times relevant hereto, Defendant is and was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d)

### III. Venue

4. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Mercer County.

### IV. Factual Background

5. Defendant hired Cipriano as a nurse on August 8, 2011 at an annual salary of $60,000.

6. At the time of his hire, Cipriano had a B.S. in Community Health and a B.S. in Nursing as well as more than five years' experience in the insurance industry.

7. In 2023, Cipriano had reached a pay grade of 26 and was earning an annual salary of $72,508.80.

8. In late-January 2023, Cipriano learned that Defendant paid female nurses in his department higher annual salaries than it paid to Cipriano.

9. On January 30, 2023, Cipriano contacted Human Resources by phone to initiate a complaint regarding the pay disparity between him and his female colleagues.

10. On February 2, 2023, Cipriano received an email from Nikki Lies, Defendant's HR representative, who advised him that she had been assigned to his case.

11. On February 8, 2023, Cipriano spoke with Lies and complained that he was earning a lower salary than his female colleagues.

12. On February 15, 2023, Cipriano's supervisor, Stephanie A. Gibbons, emailed Cipriano to advise that she had been made aware of his complaint and that she wanted to discuss it with him.

13. On February 20, 2023, Cipriano spoke with Gibbons by telephone about his HR complaint regarding unequal pay.

14. During their call, Gibbons told Cipriano that she thought his salary was appropriate and that Cipriano's prior supervisor had misread the pay scale charts.

15. Defendant pays at least 25 female nurses who performed equal work to that performed by Cipriano a higher salary than Defendant paid to Cipriano.

16. On March 9, 2023, Defendant was notified that Cipriano had retained counsel in connection with his claims for discriminatory pay.

17. On May 18, 2023, Defendant laid off a group of employees as part of a reduction in force.

18. Cipriano, however, was part of a meeting on May 18, 2023 at 11:00 a.m. in which the participants were told that they had not been selected for reduction.

19. More than a week later, on May 26, 2023, Defendant notified Cipriano that his job was being eliminated as part of the reduction in force.

20. Defendant provided Cipriano with a backdated termination letter dated May 18, 2023.

## Count I – Equal Pay Act

21. Plaintiff incorporates paragraphs 1 through 20 as though the same had been fully set forth at length herein.

22. Since the time of Cipriano's hire, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Cipriano, a male, at rates less than the rates it pays female nurses in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

23. Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Cipriano demands judgment against Defendant and damages as

follows:

    a. That Defendant be ordered to place Cipriano at a salary level equivalent to the level it pays the female nurses in his department and provide him all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be ordered to pay to Plaintiff the difference between the wages actually received by Cipriano and the wages paid to female employees for equal work within the meaning of the Equal Pay Act;

    c. That Defendant be ordered to pay to Plaintiff liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    d. That Plaintiff be awarded prejudgment interest;

    e. That Plaintiff be awarded the costs and expenses of this litigation, including a reasonable attorney's fee, pursuant to 29 U.S.C. §216(b); and

    f. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II – Equal Pay Act Retaliation

24. Plaintiff incorporates paragraphs 1 through 23 as though the same had been fully set forth at length herein.

25. Cipriano opposed Defendant's unlawful pay practices under the Equal Pay Act by complaining internally and engaging counsel to communicate with Defendant about his intent to file claims under the Equal Pay Act.

26. Defendant terminated Cipriano in retaliation for his opposition to Defendant's unlawful pay decisions.

WHEREFORE, Cipriano demands judgment against Defendant and damages as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's retaliatory termination of Plaintiff, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Equal Pay Act;

g. That Plaintiff be awarded liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**RAMAGE LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813

Colleen E. Ramage
PA I.D. No. 64413

525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@ramagelykos.law
cramage@ramagelykos.law

Attorneys for Plaintiff